# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**EUGENIA SONG**,

      Plaintiff,

    v.

**CENTRAL INTELLIGENCE AGENCY**,

      Defendants.

Case No. 3:24-cv-697-SB

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on May 10, 2024. Judge Beckerman recommended that this Court grant Plaintiff's application to proceed *in forma pauperis* but dismiss *sua sponte* Plaintiff's complaint with prejudice as "frivolous" as that term is used in 28 U.S.C. § 1915, duplicative, and barred by the doctrine of claim preclusion.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff purports to file an objection to the Findings and Recommendation. Plaintiff's objection, however, simply states: "Objection to F&R please. Thank you very much." ECF 9 at 1. Plaintiff then describes activity in a "related" case in which she argues facts from a purportedly "related" case—that an individual in California is using her personal information from the CIA "automatically followed by Interpol" in Germany to study Plaintiff and for CIA and military research that changes personalities and "reads people's minds." This recitation, however, fails to identify any alleged errors in the Findings and Recommendation.

Plaintiff offers no bases or argument for her objection. A "general" objection to a Findings and Recommendation does not meet the "specific written objection[]" requirement of

Rule 72(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Velez-Padro v. Thermo King de Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) ("Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)").

The Court considers Judge Beckerman's Findings and Recommendation not to have any objections. The Court thus follows the recommendation of the Advisory Committee and reviews the Findings and Recommendation for clear error on the face of the record. No such error is apparent.[1]

The Court ADOPTS Judge Beckerman's Findings and Recommendation, ECF 6. The Court GRANTS Plaintiff's Application to Proceed *in forma pauperis*, ECF 1. The Court, however, *sua sponte* DISMISSES Plaintiff's complaint, ECF 2, with prejudice, because it is "frivolous" under 28 U.S.C. § 1915(e)(2), and barred by the doctrine of claim preclusion. The Court further finds that any appeal from this Order would be frivolous and thus would not be taken in "good faith" as that term is used in 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, Plaintiff's *in forma pauperis* status should be revoked.

**IT IS SO ORDERED.**

DATED this 17th day of May, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[1] Even if the Court were to consider Plaintiff to have raised substantive objections and review the issues *de novo*, the Court would agree with and adopt the Findings and Recommendation.